**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATALINA BECERRA VILLEGAS, Plaintiff, vs. PINOS PRODUCE, INC., a California corporation; and PINOS ENTERPRISES, INC., a California corporation, Defendants. | CASE NO. 12-CV-2889-MMA(RBB) **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AND** [Doc. No. 5] **DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO JOIN A REQUIRED PARTY** |

On December 4, 2012, Plaintiff Catalina Becerra Villegas ("Mrs. Becerra" or "Plaintiff") filed this declaratory relief action against Defendants Pinos Produce, Inc., and Pinos Enterprises, Inc., (individually "Los Pinos" and "Pinos Enterprises," and collectively "Defendants"). The action arises out of Mrs. Becerra's purported community property rights of ownership in the defendant corporations, which were co-founded by Mrs. Becerra's estranged husband, Benjamin Rodriguez Hernandez ("Mr. Rodriguez"). [*See* Compl. ¶¶ 5-9.] Plaintiff seeks a judicial declaration of her ownership rights in the defendant corporations, a full and complete accounting of their records, and a constructive trust imposed on all assets, income, issues, and distributions held by them on Mr. Rodriguez's behalf. [*Id.* ¶¶ 10-20.]

On January 22, 2013, Defendants filed the pending motion to dismiss

Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1)[1] for lack of subject matter jurisdiction, and 12(b)(7) for failure to join a required party. [Doc. No. 5.] Plaintiff filed an opposition to the motion [Doc. No. 6], to which Defendants replied [Doc. No. 7]. For the following reasons, the Court **GRANTS** Defendants' motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(7).

## I. Background

Mr. Rodriguez and Mrs. Becerra were married in Mexicali, Baja California, Mexico, on March 6, 1958. Both are Mexican citizens and reside there. They have been separated for many years. Mr. Rodriguez and his brothers, Antonio Rodriguez Hernandez, Manuel Rodriguez Hernandez, Victor Rodriguez Hernandez, and Rafael Rodriguez Hernandez, formed Los Pinos on or about March 22, 1985, and Pinos Enterprises on or about May 3, 1996. The two companies are in the business of farming in Baja California and distributing fresh produce in the United States. Both companies are incorporated under the laws of the State of California.

Mrs. Becerra and Mr. Rodriguez are currently involved in two court proceedings in Mexico. The first, filed by Mrs. Becerra on March 7, 2003, is an action for alimony. On or around January 19, 2004, the Mexican court ordered Mr. Rodriguez to pay Mrs. Becerra alimony support payments in the amount of $1,178.13 per month. The alimony order was issued as a provisional remedy pending final determination as to the amount Mr. Rodriguez is obligated to pay Mrs. Becerra in alimony. The second case, filed in Baja California on January 18, 2013 by Mr. Rodriguez, is a formal divorce proceeding against Mrs. Becerra.

## II. Discussion

Defendants move to dismiss Plaintiff's complaint on two separate grounds. First, they claim this Court lacks subject matter jurisdiction over the matter, and request dismissal under Rule 12(b)(1). Second, Defendants assert that Mr. Rodriguez is a required party to the action under Rule 19, and accordingly request

[1] All future rule references are to the Federal Rules of Civil Procedure, unless otherwise noted.

dismissal under Rule 12(b)(7). The Court considers each argument in turn.

**A. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Rule 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. The Complaint in this action asserts that there is federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Under the relevant provision of that rule, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). It is undisputed that the parties to this action are citizens of a State (namely, California) and a foreign state (Mexico). Therefore, diversity jurisdiction exists if Plaintiff has met the amount-in-controversy requirement.

Under the "legal certainty" standard, a federal court lacks subject matter jurisdiction under § 1332 where "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Outside the generic allegation that the amount in controversy exceeds $75,000, nowhere in the Complaint does Plaintiff mention a dollar amount.

However, because Plaintiff seeks declaratory relief, the Court takes into account the value of the object of the litigation: Mr. Rodriguez's ownership interest in Los Pinos and Pinos Enterprises. *See Cohn*, 281 F.3d at 840. Plaintiff asserts, by way of declaration, that Los Pinos and Pinos Enterprises enjoy annual sales in excess of $100 million. [*See* Decl. Gutierrez ¶¶ 14-15, Exs. 3-4.] Upon review of the attached exhibits in support of the declaration, however, the Court finds that they do not establish, let alone even address, the annual sales of Defendants.[2] Additionally, even assuming the exhibits established Defendants' annual sales, this alone would not further establish: (1) the companies' annual *earnings*; (2) Mr. Rodriguez's share in those earnings; (3) Mr. Rodriguez's ownership interest in the companies; or (4) Plaintiff's community property interest in Mr. Rodriguez's earnings and ownership interest. What remains then, is a bald recitation in the Complaint that the amount in controversy exceeds $75,000 without any significant supporting facts. Accordingly, the Court finds that the legal certainty standard is not met, and that Plaintiff has failed to satisfy her burden of proving that the case is properly in federal court. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).

In conclusion, the Court finds that the amount in controversy requirement is not met, so that the exercise of diversity jurisdiction over this matter is not proper. Therefore, the Court **GRANTS** Defendants' motion to dismiss under Rule 12(b)(1).[3]

**B. Federal Rule of Civil Procedure 19**

Additionally, Defendants argue that Plaintiff's entire lawsuit cannot be maintained because Mr. Rodriguez is a required party to this action, and joinder of

---

[2] Furthermore, Defendants object to counsel's declaration that Exhibit 4 demonstrates Los Pinos and Pinos Enterprises have annual sales in excess of $100 million. [*See Defs.' Evid. Objections*, Doc. No. 7-2 at 3.] The Court finds that because Exhibit 4, a screen shot from *Yahoo! Finance*, does not address the annual sales of Los Pinos or Pinos Enterprises, counsel's statement fails for lack of foundation, and therefore, Plaintiff cannot use this evidence to establish the amount in controversy.

Also, the Court has considered all other evidentiary objections made by Defendants, and, in light of the Court's ruling on the motion to dismiss, deems the objections moot.

[3] Plaintiff's claim that she has an independent right to an accounting against Los Pinos and Pinos Enterprises does not alter the Court's conclusion that the amount in controversy requirement is not met.

him is not feasible because it would destroy diversity. Plaintiff argues that Mr. Rodriguez is not a required party, and would not be prejudiced if the case proceeded without him. Further, Plaintiff argues that she would have no effective relief if the case was dismissed.

**1. Legal Standard**

A district court has the authority to dismiss a complaint for failure to join a required party.[4] Fed. R. Civ. P. 12(b)(7). The framework for determining whether a party is required is provided by Rule 19, which provides:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> (A) protective provisions in the judgment;

[4] As of December 1, 2007, Rule 19 no longer refers to "necessary" or "indispensable" parties. Instead, it refers to "persons required to be joined if feasible" and persons in whose absence, if they cannot be joined, the action should not proceed. The advisory committee notes indicate that the 2007 amendments to the civil rules were merely stylistic, designed to make the rule more easily understood. Fed. R. Civ. P. 19 advisory committee's note (2007).

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.

In making a Rule 19 determination, a court engages in three successive inquiries. *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010). First, the Court must determine whether a nonparty should be joined under Rule 19(a). *Id.* If so, the second inquiry is for the Court to determine whether joinder would be feasible. *Id.* Third, if joinder is not feasible, the Court must determine whether the action can proceed without the absentee party or whether the action must be dismissed. *Id.* "A nonparty in whose absence an action must be dismissed is one who 'not only [has] an interest in the controversy, but [has] an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" *Id.* (citing *Shields v. Barrow*, 58 U.S. 130, 139 (1855)).

**a. Mr. Rodriguez Should be Joined**

Under Rule 19, a party must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i).

Here, Plaintiff seeks a judicial declaration so that she may ascertain her right of ownership in Los Pinos and Pinos Enterprises. [Compl. ¶ 13.] Plaintiff claims a community property interest in company stock owned by Mr. Rodriguez. Therefore, to fully adjudicate this matter will require the Court to decide the community

property rights and interests of Plaintiff and Mr. Rodriguez. Thus, the involvement of Mr. Rodriguez in this action is critical: if absent, he will be entirely unable to protect his community property interests. Furthermore, Plaintiff requests that a "constructive trust . . . be imposed in her favor on all assets, income, issues, and distributions held by Defendants on Mr. Rodriguez's behalf." [Compl. ¶ 20.] Proceeding without Mr. Rodriguez on such a request could, as a practical matter, take away Mr. Rodriguez's ability to control any interest he has in the companies. Thus, for several reasons, Mr. Rodriguez should be considered a required party under Rule 19(a)(1)(B)(i).

Additionally under Rule 19, any person who claims an interest in the subject matter of the action and whose absence may leave any of the existing parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations is a required party. Fed. R. Civ. P. 19(a)(1)(B)(ii). Here, without Mr. Rodriguez's participation Defendants could face double or inconsistent obligations. For instance, this Court could determine which rights, if any, Plaintiff has to Mr. Rodriguez's ownership interest in the defendant companies (indeed, Plaintiff requests as much), and order Defendants to perform some act with respect to his interest. Later, a separate court–perhaps the court in Mexico currently presiding over Plaintiff and Mr. Rodriguez's divorce proceeding–could reach a contrary result, subjecting Defendants to two contrary court orders. Thus, to protect Defendants from the possibility of inconsistent obligations, Mr. Rodriguez should be joined in this action if feasible.[5]

**b. Joinder of Mr. Rodriguez is Not Feasible**

The second step addresses whether joinder is "feasible." Here, joinder of Mr.

---

[5] Plaintiff appears to misunderstand the framework of Rule 19. She states, "Rule 19(a) does not apply in the matter herein because the addition of Mr. Rodriguez to this lawsuit would [] destroy diversity jurisdiction and would deprive the court of jurisdiction over the subject matter of the action." [Opp. at 9.] This attempted summary of the rule misses the mark: Rule 19 is not rendered inapplicable if joinder would destroy diversity; instead, the Court undertakes the further analysis of whether it can proceed without the absent party, or if it should dismiss the action entirely in light of the inability to join the required party.

Rodriguez, a citizen of Mexico, would destroy diversity jurisdiction and thereby divest this Court of subject matter jurisdiction over the matter. Therefore, joinder is not feasible.

**c. Under Rule 19(b), the Action Cannot Proceed Without Mr. Rodriguez**

Because joinder of Mr. Rodriguez would not be feasible, the Court must determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed. Fed. R. Civ. P. 19(b). To make this determination, the Court balances four factors: (1) the prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum. *Id.*; *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1161-62 (9th Cir. 2002) (analyzing Rule 19(b)s factors to determine whether a party is "indispensable"). Here, all four factors favor dismissal.

First, the Court has already determined that Mr. Rodriguez should be joined because his rights could be impaired without him having participated in the suit. *See Dawavendewa*, 276 F.3d at 1162 ("The prejudice to the [absent party] stems from the same impairment of legal interests that makes the [absent party] a necessary party under Rule 19(a)(2)(I)."). Second, there are no obvious means to lessen the prejudice to Mr. Rodriguez. Plaintiff fails to suggest any means of doing so, and the practical result of Plaintiff's requests in this case would substantially affect Mr. Rodriguez's rights. Third, no adequate remedy can be effectively awarded absent Mr. Rodriguez's participation. Mr. Rodriguez's ownership interest in the defendant companies is the central focus of Plaintiff's action. Thus, no partial remedy can be fashioned that would not implicate his interest and eliminate the prejudice he would suffer. Finally, an alternative forum is plainly available: California state court–if not the presently ongoing proceedings in Mexico. Plaintiff insists that "Mexican law

does not have discovery mechanisms that would allow [Plaintiff] to obtain the information sought . . . . [Plaintiff] must therefore come before this Court to receive the accounting and inspection of records in question . . . ." [Opp. at 11.] Whether discovery is truly unavailable in Mexico is uncertain; it is clear, however, that *federal* court is not Plaintiff's only satisfactory forum. Instead, California state court, which is not limited by the same subject matter jurisdiction restraints, would provide the same discovery opportunities as this Court, rendering it an equally effective forum for Plaintiff's purposes.

In short, applying all four factors, this action cannot proceed "in equity and good conscience" without Mr. Rodriguez. To borrow the old vernacular of Rule 19, Mr. Rodriguez is an "indispensable" party.

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(7). Accordingly, the case is **DISMISSED**. The Clerk of Court is instructed to terminate the case.

**IT IS SO ORDERED.**

DATED: February 28, 2013

Hon. Michael M. Anello
United States District Judge